## Case No. 1,764.

### BRADBURY v. GALLOWAY.

[3 Sawy. 346; 12 N. B. R. 299; 1 N. Y. Wkly. Dig. 34.] [1]

District Court, D. California. June 8, 1875.

BANKRUPT LAW — AMENDMENTS OF JUNE, 1874 — PROCEEDINGS TO REALIZE ESTATE—FRAUDULENT PREFERENCE.

1. Section 10 of the amendatory act [18 Stat. 180], changing the period of four to two

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission. 1 N. Y. Wkly. Dig. 34, contains only a partial report.]

months, is not retrospective in its operation, and does not affect transactions happening before the time fixed for it to take effect.

[Cited in Tinker v. Van Dyke, Case No. 14,- 058.]

2. Section 11 of the same act substituting "knowing" for "reasonable cause to believe," if it has any, has no greater retroactive force than the similar provision of the new section 39, and does not affect transactions happening before December 1, 1873, in cases where bankruptcy proceedings were begun before that date.

[In bankruptcy. Action by W. B. Bradbury, assignee in bankruptcy, against James Galloway, to recover assets alleged to constitute a fraudulent preference. Defendant's demurrer to the complaint of the assignee overruled.]

Wm. H. Fifield, for plaintiff.
Joseph Naphtaly, for defendant.

HILLYER, District Judge. The petition for an adjudication of bankruptcy against the bankrupt, Julia Lyons, was filed April 9, 1873, and the fraudulent preference is alleged to have been given January 3, 1873, more than two but less than four months before the filing of the petition.

If the right of the assignee to recover is to be controlled by section 35 of the bankrupt act [of 1867 (14 Stat. 534)] as it stood before the passage of the amendments of June, 1874, the demurrer must be overruled; if by sections 10 and 11 of the amendatory act, sustained. The question presented, therefore, is whether those sections of the amendatory act are retroactive and affect transactions done and proceedings commenced before the passage of the act of June, 1874, and before the first day of December, 1873. The bankrupt, Julia Lyons, was not adjudicated such until July 16, 1874, and the learned judge of this court then held that the case was not affected by section 12 of the amendatory act, because the petition had been filed before the first day of December, 1873. That section is by its terms made applicable to all cases of involuntary bankruptcy commenced since the last mentioned date. On the other hand, section 10, changing the period of four to two months, is by its terms not to take effect until two months after the passage of the act. So far, then, as section 10 is concerned, there is no room for doubt as to the intention of the legislature. The language shows clearly that it is to have no retrospective operation, and is not to affect transactions happening before the time fixed for it to take effect. To give the section any retroactive force is to accuse congress of the absurdity of saying in terms that it should take effect prospectively, when the intention was that it should take effect retrospectively. And it would be idle to fix a time in the future for a provision to take effect if when it did go into effect it was to operate on transactions occurring not only before, but after its passage, and up to the time fixed for its go-

ing into operation. I have no doubt on this point, and hold that section 10 does not affect transactions past when it took effect, or proceedings commenced before that time. As to such matters section 35 is not repealed or amended. See Singer v. Sloan [Case No. 12,899]. Section 11 of the act of June, 1874, substituting "knowing" for "reasonable cause to believe," in section 35, has no time fixed for going into operation, and according to the general rule takes effect from the time of its passage. It is urged, however, that this suit, brought since the passage of the act of June 22, 1874, though based on acts done before that time and before December 1, 1873, can only be maintained by alleging and proving actual knowledge on the part of preferred creditors that a fraud was intended, and not merely "reasonable cause to believe."

In a case in the eastern district of Wisconsin, like the one at bar, except that the suit by the assignee was begun before June 22, 1874, it was held that the amendatory act did not affect the right of the assignee to sue and recover upon the grounds and provisions contained in sections 35 and 39, as they stood before the amendments. Hamlin v. Pettibone [Case No. 5,995]. In Brooke v. McCracken [Id. 1,932] the bankruptcy proceedings were begun and the preference given after December 1, 1873, and it was held that the amendments to section 35 were not retroactive. The same conclusion was reached by the district court of Michigan, in the case of Van Dyke v. Tinker [Id. 16,849], a case which cannot be distinguished from this. The contrary was held in Singer v. Sloan, supra, upon a case like Brooke v. McCraken.

In compulsory proceedings it has always been held by the bankruptcy courts that sections 35 and 39 must be construed together in reference to suits brought by an assignee to recover from a creditor a fraudulent preference. The amended section 39 provides that the assignee may recover the preferred payment if the creditor had reasonable cause to believe the debtor insolvent and knew that a fraud on the act was intended. But this provision of the amended section only applies to cases of involuntary bankruptcy, begun since December 1, 1873. So that, in the present case, the provisions of section 39 as amended, in regard to knowledge on the part of the creditor, have no application and the bankrupt act would be inconsistent with itself if section 35 as amended should be construed to apply to involuntary cases begun before December 1, 1873, which is this case. It is plain enough that congress meant, in the amendments to section 39, to say that in involuntary cases the assignee might recover the property transferred only when the creditor had the actual knowledge prescribed,

when the bankruptcy proceedings were begun after December 1, 1873. In cases arising before that date it would be directly opposed to the expressed will of the legislature, it seems to me, to apply the new rule of evidence touching knowledge on the part of the creditors, or to give to the amendments to section 35, in this particular, any greater retrospective force than the legislature had given to the similar provision of section 39.

There is another provision of law which [hereto, so far as I have read, none of the courts have noticed, yet it][2] seems to have a direct bearing upon this question. It is section 4 of an act entitled "An act prescribing the form of the enacting and resolving clauses of acts and resolutions of congress and rules for the construction thereof" (16 Stat. 431), now section 13 of Revised Statutes, and reads as follows: "The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture or liability incurred under such statute unless the repealing act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture or liability."

Now, I do not think it can be doubted that a creditor who had received property from his debtor before June, 1874, and under such circumstances that it would be held an unlawful preference under the old section 35, had "incurred" a "liability" under the act to refund it to the assignee of the debtor, which could be enforced by a proper action. If so, there being no express provision in the repealing act extinguishing this liability, the conclusion is irresistible that it still exists, and that the repealed statute is still in force for the purpose of sustaining any proper action to enforce the liability. Whether the amendment requiring proof of actual knowledge, where before proof of reasonable cause to believe was sufficient, is important or merely verbal, is a question upon which very learned judges have differed. In the view I have taken of the other points raised by this demurrer it is unnecessary to decide that question, for whether material or not, it has been held that the amendment does not affect the transactions out of which this suit arises. Demurrer overruled.

BRADBURY (UNITED STATES v.). See Case No. 14,635.

BRADBURY (WARE v.). See Case No. 17,-168.

BRADEN (FENTON v.). See Case No. 4,-730.

[2] [From 12 N. B. R. 299.]